*398 Markman, J.
(concurring). I would deny leave to appeal because I agree with the Court of Appeals that the purpose of MCL 776.21(5) is essentially to “provide a means by which accused individuals can demonstrate their innocence, thereby obviating the necessity of a trial.” 251 Mich App 100, 107; 649 NW2d 407 (2002).[1] Here, where defendant requested a polygraph examination after the jury had already begun its deliberations, such an examination could no longer have any effect on the prosecutor in exercising his charging judgment, any effect on defense counsel in fashioning a defense strategy, any effect on the magistrate in binding over defendant, any effect on the jury in assessing defendant’s guilt, and any effect on the trial judge in administering the trial or in assessing the sufficiency of the evidence.
Moreover, this is defendant’s third request in this case for a polygraph examination. His two earlier requests were granted by the court, but an examination was never administered in either instance because of decisions by defendant not to proceed. I do not read MCL 776.21(5) as precluding the trial court, in its conduct of the trial, from taking cognizance of either the timing or the repetitiveness of a defendant’s request for a polygraph examination.
Finally, I do not understand how the majority can conclude that the trial court’s failure to grant defendant’s motion for a polygraph examination, although error, was nonetheless harmless error because defen *399 dant “has not demonstrated that the failure to administer the polygraph test was outcome-determinative.” Ante at 397. How can a defendant ever demonstrate that an error pertaining to inadmissible polygraph evidence was outcome-determinative?[2]
By my proposed denial of leave to appeal, I would obtain the same result as the majority, which in turn has obtained the same result as the Court of Appeals.

 However, because I can envision circumstances in which a polygraph examination conducted after the beginning of trial might affect the course of the trial, and because I believe that this is also within the contemplation of MCL 776.21(5), I disagree with the Court of Appeals that a request for a polygraph examination must necessarily precede the trial.

 The majority references the “strength of the prosecution’s case” here in finding harmless error. Ante at 397. Is this the standard for assessing errors under MCL 776.21(5)? Is there some class of cases in which, despite conviction beyond a reasonable doubt and a judicial determination of the sufficiency of evidence, a conviction nonetheless is subject to reversal under MCL 776.21(5) on the ground that the prosecution’s case is of insufficient “strength?”